Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00055-CR 

                                                     __________

 

                                  ALFREDO
FLORES, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                          On
Appeal from the 39th District Court

 

                                                         Haskell
County, Texas

 

                                                     Trial
Court Cause No. 6152

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Alfredo Flores, Jr. of aggravated assault.  The trial court
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of eighteen years.  The trial
court also assessed a fine of $10,000.  Appellant challenges the sufficiency of
the evidence supporting his conviction in two issues.  We reverse and render.

 








                                                               Background
Facts

Appellant
drove his wife, Marcy Jo Flores, and his uncle, Michael Wood, from their home
in Munday to the Modern Way grocery store in Haskell on April 20, 2006.[1] 
They met their friend, Maria Christina Navarette, at the grocery store to
purchase a birthday cake for one of Navarette=s
children.  While at the grocery store, Marcy told Naverette that she wanted to
go to a liquor store to buy some tequila.  Marcy asked Navarette to take them
to a liquor store  because she did not know where a liquor store was located in
the area.  Following Navarette=s
vehicle, appellant drove Marcy and Wood to a liquor store south of Haskell. 
The first liquor store that Navarette took them to was closed.  Naverette then
took them to the Time-Out Beverage liquor store.

Marcy
initially entered the Time-Out Beverage liquor store alone.  Mickey Melton was
the only employee working at the store at the time.  He testified that Marcy
came into the store looking for some tequila.  She then left the store in order
to get some more money.  After getting money from appellant, Marcy reentered
the store followed by Wood.  While Melton was showing Marcy some tequila on a
bottom shelf, Wood grabbed Melton around the neck from behind and began hitting
him with a bottle.  Wood continued hitting and kicking Melton  resulting in
Melton suffering severe eye and throat lacerations.  James Craig Foster, a
bystander that witnessed a portion of the assault, described Wood=s attack as follows:  AHe was actually kicking him
in the face, I would see Mickey move and he continued kicking him until I
yelled at him.@ 
Sheriff David Halliburton testified that a large area of the liquor store was
covered in blood and broken bottles.








When
Foster arrived at the store in order to make a purchase from the store=s drive-through window,
Wood was attacking Melton.  As he approached the drive-through window, Foster
observed Marcy Abolt@ from the store.  Based
upon this observation, Foster pulled up just far enough to look inside the
store through the drive-through window.  When Foster observed blood and broken
glass on the floor, he attempted to retrieve his firearm from his vehicle. 
However, he had difficulty locating the firearm in his vehicle.  After Foster
retrieved the firearm, he pulled up further to the drive-through window and
observed Wood assaulting Melton.  Wood stopped assaulting Melton when Foster
yelled at him.  Wood then quickly exited the store.  Foster testified that
approximately three minutes elapsed between the time that he observed Marcy
exit the store and the time that Wood exited the store.

Navarette
testified that Wood had blood on his shirt when he ran out of the store.  He
reentered the car that appellant was driving, and they sped away.  Foster
attempted to block appellant=s
vehicle with his vehicle, but he was unable to do so.  Officer Donald Matthew
Cunningham subsequently stopped appellant=s
car in Haskell based upon a description of the vehicle that he heard on his
police radio.  Marcy got out of the vehicle and approached Officer Cunningham
before he exited his patrol car.  She advised him that they were coming from
the grocery store to buy a birthday cake.  When Officer Cunningham asked her if
they had been to the liquor store, Marcy stated that they drove out to the
store but returned to town without stopping because they saw a Acommotion@ at the store.  Officer
Cunningham then began questioning appellant.  The questioning soon ended when
Wood left the backseat of the car and fled on foot.  

Appellant
called Marcy as a witness at trial.  She testified that she exited the store
after Wood began assaulting Melton.  She further testified that she did not
know that Wood followed her into the store and that his attack on Melton was a
surprise to her.  Marcy stated that she tried to tell appellant what Wood was
doing to Melton inside the store but that she did not have enough time to tell
him before Wood came out of the store.  Marcy testified that, after Wood
entered the backseat of their car, he placed something against her neck and
instructed appellant to take off.  

                                                                         Issues

In
his first issue, appellant contends that the evidence is legally insufficient
to support his conviction because the State failed to prove that appellant was
a party to the offense committed by Wood.  He challenges the factual
sufficiency of the evidence in his second issue.  We do not reach  appellant=s second issue because we
conclude that his conviction is not supported by legally sufficient evidence.  Tex. R. App. P. 47.1.

                                                              Standard
of Review








In
order to determine if the evidence is legally sufficient, we must review all
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State,
17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  If, based on all the evidence, a
reasonably minded jury must necessarily entertain a reasonable doubt of the
defendant=s guilt, due
process requires that we reverse and order a judgment of acquittal.  Swearingen
v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (citing Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)).  Circumstantial
evidence is as probative as direct evidence in establishing the guilt of an
actor, and the standard of review on appeal is the same for both direct and
circumstantial evidence cases.  Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).

A
reviewing court must give deference to Athe
responsibility of the trier of fact to fairly resolve conflicts in testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.@ Hooper,
214 S.W.3d at 13 (quoting Jackson, 443 U.S. at 318‑19). Under the Jackson
standard, we permit juries to draw multiple reasonable inferences as long as
each inference is supported by evidence presented at trial. Hooper, 214
S.W.3d at 15.  However, juries are not permitted to reach conclusions based on
mere speculation or factually unsupported inferences or presumptions.  Id.
at 16 n.5.  When we consider a contention that a jury=s finding based on inferences is not supported
by legally sufficient evidence, our task is to determine whether the necessary
inferences are reasonable based on the combined and cumulative force of all the
evidence when viewed in the light most favorable to the verdict.  Id. at
16‑17.

                                                                        Analysis

A
person commits an assault by intentionally, knowingly, or recklessly causing
bodily injury to another, including the person=s
spouse. Tex. Penal Code Ann. ' 22.01(a)(1) (Vernon Supp.
2007). A person commits an aggravated assault by committing assault and either
(1) causing serious bodily injury to another or (2) using or exhibiting a
deadly weapon during the commission of the assault. Tex. Penal Code Ann. '
22.02(a) (Vernon Supp. 2007).  








Under
the law of parties, a person may be charged as a party to the offense if the
offense is committed by his own conduct or by the conduct of another for whom
he is criminally responsible. Tex. Penal
Code Ann. '
7.01(a) (Vernon 2003). A person is criminally responsible for an offense
committed by another if he intentionally promotes or assists the commission of
the offense by soliciting, encouraging, directing, aiding, or attempting to aid
the other person to commit the offense. Tex.
Penal Code Ann. '
7.02(a)(2) (Vernon 2003).  The evidence supports a conviction under the law of
parties when the person was physically present at the commission of the offense
and encouraged the commission of the offense by words or other agreement.  Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  To determine whether
the defendant was a party, we may examine the events occurring before, during,
and after the commission of the offense and rely on the actions of the defendant
that show an understanding and common design to do the prohibited act. Id. 
            The events occurring prior to the assault do not indicate that
appellant was aware of Wood=s
intentions.  In this regard, the occupants of appellant=s vehicle followed Navarette=s vehicle to the liquor
store because they did not know where a liquor store in the area was located. 
More significantly, the assault occurred at the second liquor store that
Naverette took appellant and Wood to because the first liquor store was
closed.  It is illogical to conclude that appellant intended to aid Wood in
committing the offense by transporting him to the crime scene because appellant
was following another vehicle and the assault occurred at an alternate
destination.  To the contrary, Wood=s
assault of Melton appears to be a random event.

 With
respect to the events occurring during the commission of the offense, the State
directs our attention to Marcy=s
observation of the beginning of Wood=s
assault and her presence with appellant inside their vehicle while the assault
continued for a period of perhaps three minutes in duration.   Even if we
speculate that Marcy informed appellant of the assault, this information does
not establish a common design by appellant to assist appellant in committing
the assault.  There is no evidence that appellant did anything other than
remain seated in his vehicle while the assault occurred.  In this regard, it
does not appear that appellant served as a lookout for Wood because Foster was
able to intercede on Melton=s
behalf without interference from appellant.








Finally,
the events occurring after the commission of the offense, in and of themselves,
do not establish that appellant intended to aid Melton in committing the
offense.  Standing alone, proof that an accused assisted the primary actor in
making his getaway is insufficient to support a conviction under the law of
parties.  Scott v. State, 946 S.W.2d 166 (Tex. App.CAustin 1997, pet. ref=d).  The State directs our
attention to Marcy=s
misrepresentations to Officer Cunningham after he stopped their vehicle. 
However, Marcy=s actions
do not constitute Aactions
of the defendant.@  Ransom,
920 S.W.2d at 302.

                                                                     Conclusion

The
random chain of events leading up to Wood=s
assault of Melton establish that his extreme and senseless acts of violence
could not have been predicted.  Based upon the evidence offered at trial, a
rational jury could not have determined beyond a reasonable doubt that
appellant intended to aid appellant in committing the assault.  Appellant=s first issue is sustained.

                                                               This
Court=s Ruling

The
judgment of the trial court is reversed, and a judgment of acquittal is
rendered.

 

 

TERRY McCALL

JUSTICE

 

August 7, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]Marcy testified that Wood was Alike [appellant=s]
uncle@ because he was married to appellant=s aunt.